IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ATTABOTICS, INC.,

      Plaintiff,

v.

URBX, INC.,

      Defendant.

Civil Action No.

## COMPLAINT AND JURY DEMAND

Plaintiff Attabotics, Inc., ("Attabotics") by and through their attorneys, respectfully allege as follows:

## THE PARTIES

1.      Attabotics, Inc. is a corporation having its principal place of business at 7944 10th Street NE, Calgary AB Canada T2E 8W1.

2.      Upon information and belief, Defendant URBX, Inc. ("URBX") is a Delaware corporation and URBX maintains a principal place of business at 12 Channel Street, Suite 502, Boston, MA 02110.

## JURISDICTION AND VENUE

3.      This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code §1, *et seq.*

1

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (jurisdiction over patent actions).

5.      Venue and personal jurisdiction in this District are proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because URBX has a regular and established place of business in Massachusetts.

6.      Upon information and belief, URBX has extensive contacts with the Commonwealth of Massachusetts and is actively engaged in the business of marketing, selling, and offering for sale infringing products in this District.

## BACKGROUND

7.      Traditional warehouse storage and traditional grocery stores consume large footprints and significant amounts of land.  Even as brick and mortar buildings have given way to e-commerce and online shopping and retailers, these online retailers require space to store their goods. One example of such need is the large fulfillment centers that are spread throughout the United States.

8.      For traditional grocery stores, shoppers are ordering online and the orders are being fulfilled by third-party intermediaries such as Instacart or Shipt, which have enabled grocers to offer online groceries  but these intermediaries come along with compromises in service, customer relationships and store experience that worsen as volumes increase. Additionally, the grocery stores are still faced with the need for large spaces to store their goods.

Attabotics' Technology

9.      Attabotics' developed a system that condenses a traditional warehouse into a high density, vertical storage structure with a retrieval system that can be used for various types of

2

fulfillment centers by transforming the rows and aisles of a typical warehouse or grocery store into a vertical storage structure.

10.    These storage structures can also permit grocery stores to serve as pick centers by redeploying their warehouses into such vertical storage structures.  Attabotics' storage structures are modular and scalable so that it can be expanded as volumes grow by adding additional stores and robots.

11.    The storage structures include cells featuring multiple storage locations disposed around a central void and stacked in alignment with one another such that the central voids in each stack form a central shaft.

12.    Inside the structure, robotic shuttles can access every storage location.  The robotic shuttles quickly find and pull items from designated locations.  The items are then delivered to stations on the perimeter where orders are picked, packed and shipped.

13.    The robotic shuttle can access each of the storage locations from the central shaft because it has a rotatable turret and an extendable arm selectively extendable to a deployed position reaching outwardly beyond a perimeter of the turret.

14.    The turret rotates into four different working positions with the extendable arm deployed outwardly from the turret from a different respective side of the robotic shuttle to access each of the storage locations spaced about the central shaft.

15.    Attabotics' system provide a more efficient use of space, significantly reducing a retailer's warehouse footprint and allowing warehouses to be placed closer to cities for faster delivery times, while also saving money on real estate.

16.     Attabotics' systems also allow smaller retailers a way to compete with larger

3

retailers by sharing a digital supply chain platform, allows for greater capacity, reduced costs and shorter lead times to improve service.

17.    Attabotics currently has six live installations in North America and is providing improved economics through its space- and labor-efficient systems.

URBX's Technology

18.    URBX offers a URBX Market, which is a vertical automated grocery fulfillment system. One embodiment of the URBX Market is shown below:



19.    The URBX Market includes storage structures having cells featuring multiple storage locations disposed around a central void and stacked in alignment with one another such that the central voids in each stack form a central shaft.

20.    Inside the structure, URBX utilizes a Tower Bot to access every storage location. The Tower Bot is a robotic shuttle that quickly finds and pulls items from designated locations.

4

The items are then delivered to stations on the perimeter where orders are picked, packed and shipped.

21.     The Tower Bot can access each of the storage locations from the central shaft because it has a rotatable turret and an extendable arm selectively extendable to a deployed position reaching outwardly beyond a perimeter of the turret.

22.     In the following image, the Tower Bot has secured the item and retrieved it from the storage location.



23.     The turret rotates into four different working positions with the extendable arm deployed outwardly from the turret from a different respective side of the Tower Bot to access each of the storage locations spaced about the central shaft.

24.     Below is a schematic of URBX's Tower Bot having the arm in the deployed state, while the vehicle remains in the central shaft.



25.     In the first image below, the rotatable turret is shown facing to the right.  In the below middle image, the rotatable turret is rotating counter-clockwise, and the rotatable turret stops after completing the rotation, shown below at the right.



26.     URBX also has a Grid Bot that conveys the items from the central voids to the picking stations.  One embodiment of the Grid Bot is shown below:



27.    The Grid Bot has a pair of wheels on each respective side of the Grid Bot.  Two

of the pairs located on opposite sides of the Grid Bot move the Grid Bot in an X-direction and

the other pairs on the other sides move the Grid Bot in a Y- direction.

28.    An example of the Grid Bot traversing a grid is shown at

https://www.youtube.com/watch?v=-oE53Ml3CqM.

29.    The Grid Bot uses the wheels for traveling along the grid to convey items it

receives.

30.    Upon information and belief, the Grid Bot travels along an extension between an

area under the storage structures to deliver items to the working stations.

31.    Upon information and belief, the URBX Market will retrieve storage items and

deliver those storage items in sequences to optimize timing.  One example simulation of such a

sequence is available at https://youtu.be/H5gB6eFHqbo.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 10,604,343**

32.     Attabotics repeat sand realleges the above paragraphs.

33.     On March 31, 2020, United States Patent No. 10,604,343 (the '343 Patent), entitled "Storage and Retrieval System", was duly and legally issued by the United States Patents and Trademark Office.  A true and correct copy of the '343 Patent is attached hereto as Exhibit 1.

34.     Attabotics is the current Assignee of all right, title, and interest in the '343 Patent, including the right to bring and maintain this action with respect to the '343 Patent.

35.     URBX has, on information and belief, infringed and continues to infringe the '343 Patent under 35 U.S.C. §271(a), by making, importing, using, selling, and/or offering to sell in the United States a robotic storage and retrieval system embodying the patented invention of the '343 Patent.

36.     Upon information and belief, URBX has engaged in acts of direct infringement by themselves and through agents acting in combination, such agents including, for example, and without limitation, distributors, suppliers and others. Such acts infringe, either literally or equivalently, at least claims 12 and 13 of the '343 Patent.

37.     Specifically, claim 12 recites:

> A storage/retrieval vehicle for use in a gridded storage structure comprising at least one stack of storage cells in which each storage cell comprises four storage locations situated on four different sides of an upright central shaft of said stack for storing respective storage units within said storage locations in a manner accessible from said upright central shaft by the storage/retrieval vehicle, said storage/retrieval vehicle comprising a rotatable turret and an extendable arm selectively extendable to a deployed position reaching outwardly beyond a perimeter of said turret, said turret being rotatable into four different working positions, in each of which extension of the extendable arm will deploy said extendable arm outwardly from the turret from a different respective side of the vehicle to access a respective one of said four storage locations on said four

8

different sides of the upright central shaft of the stack of storage cells.

38.     As set forth above in paragraphs 18-31, the URBX Market practices each and every limitation of claim 12.

39.     Upon information and belief, URBX has written notice of their infringement at least by virtue of the filing of this Complaint and by notice of infringement sent on April 5, 2021 (Exhibit 2) and a further notice of infringement sent on May 27, 2021 (Exhibit 3).

40.      Upon information and belief, the foregoing acts of infringement by URBX have been willful, intentional and purposeful, in disregard of and indifferent to Attabotics' rights.

41.     URBX's continuing infringement of the '343 Patent irreparably harms Attabotics and Attabotics will continue to suffer irreparable harm absent entry of a permanent injunction pursuant to 35 U.S.C. § 283 enjoining URBX and their agents, servants, employees, representatives, affiliates, and all others acting with them, from infringing the '343 Patent.

42.     URBX's infringement has caused and continues to cause damage to Attabotics and Attabotics is entitled to recover damages in an amount subject to proof at trial pursuant to 35 U.S.C. § 284.

### COUNT II – INFRINGEMENT OF U.S. PATENT NO. 11,008,166

43.     Attabotics repeats and realleges the above paragraphs.

44.     On May 18, 2021, United States Patent No. 11,008,166 (the '166 Patent), entitled "Storage and retrieval systems sharing a common robotic fleet between a storage grid and external workstations", was duly and legally issued by the United States Patents and Trademark Office.  A true and correct copy of the '166 Patent is attached hereto as Exhibit 4.

45.     Attabotics is the current Assignee of all right, title, and interest in the '166 Patent,

including the right to bring and maintain this action with respect to the '166 Patent.

46.     URBX has, on information and belief, infringed and continues to infringe the '166

Patent, under 35 U.S.C. §271(a), by making, importing, using, selling, and/or offering to sell in

the United States a robotic storage and retrieval system embodying the patented invention of the

'166 Patent.

47.     Upon information and belief, URBX has engaged in acts of direct infringement by

themselves and through agents acting in combination, such agents including, for example, and

without limitation, distributors, suppliers and others.  Such acts infringe, either literally or

equivalently, at least claims 1, 6, and 7 of the '166 Patent.

48.     Specifically, claim 1 recites:

1. A storage system comprising:

a gridded three-dimensional structure comprising:
in a lowermost level of said gridded three-dimensional structure, a gridded
lower track layout that occupies a two-dimensional area and on which one or
more storage/retrieval vehicles are conveyable in two directions over said two-
dimensional area; and
a plurality of storage columns residing above the gridded lower track layout in
spaced distribution over the two-dimensional area of said lower track layout,
each column comprising a plurality of storage locations arranged one over
another and sized to accommodate placement and storage of storage units
therein; and
a plurality of upright shafts residing above the gridded lower track layout in
spaced distribution over the two dimensional area of said lower track layout,
each storage column being neighboured by a respective one of the upright shafts
through which the storage locations of said storage column are accessible by
the one or more storage/retrieval vehicles to place or remove the storage units
to or from said storage locations of said storage column; and
at least one working station residing alongside the gridded three-dimensional
structure and outside the two-dimensional area of the lower track layout over
which the storage columns and upright shafts are distributed, said working
station being joined to the gridded lower track layout by an extension track
thereof by which said one or more storage/retrieval vehicles are conveyable

between said working station and said lower track layout, whereby conveyance of the storage units between the storage locations and the working station is performable entirely by said one or more storage/retrieval vehicles;

wherein said extension track is connected to the gridded three-dimensional structure at said gridded lower track layout in the lowermost level of said gridded three dimensional structure, said extension track runs through said working station and comprises a plurality of discrete spots therein that are each sized to be respectively occupiable by an individual one of said storage/retrieval vehicles, said working station comprises a countertop that resides overhead of the extension track, and said plurality of discrete spots include an access spot overtop of which said countertop is penetrated by an access opening through which a carried storage unit on said one of the storage/retrieval vehicles is accessible when parked at said access spot, and at least one additional spot that is fully covered by said countertop.

49.     As set forth above in paragraphs 18-31, upon information and belief, the URBX Market practices each and every limitation of claim 1.

50.     Upon information and belief, URBX has written notice of their infringement at least by virtue of the filing of this Complaint and by notice of infringement sent on April 5, 2021 (Exhibit 2) and a further notice of infringement sent on May 27, 2021 (Exhibit 3).

51.     Upon information and belief, the foregoing acts of infringement by URBX have been willful, intentional and purposeful, in disregard of and indifferent to Attabotics' rights.

52.     URBX's continuing infringement of the '166 Patent irreparably harms Attabotics and Attabotics will continue to suffer irreparable harm absent entry of a permanent injunction pursuant to 35 U.S.C. § 283 enjoining URBX and their agents, servants, employees, representatives, affiliates, and all others acting with them, from infringing the '166 Patent.

53.     URBX's infringement has caused and continues to cause damage to Attabotics and Attabotics is entitled to recover damages in an amount subject to proof at trial pursuant to 35 U.S.C. § 284.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

A.      A judgment that URBX is and has been infringing the '343 Patent and/or the '166 Patent;

B.      A permanent injunction, issued under 35 U.S.C. § 283, restraining and enjoining URBX and their respective officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with each or any of them, from directly committing, aiding, encouraging, enabling, inducing, causing materially contributing to, or otherwise facilitating the infringement of the '343 Patent and/or the '166 Patent;

C.      In the event a final injunction is not awarded, awarding a compulsory ongoing royalty;

D.      Requiring URBX to render a full and complete accounting to Plaintiffs for URBX's profits, gains, advantages or the value of business opportunities received from their acts of infringement;

E.      Requiring that URBX pay Plaintiffs' damages, together with interest and costs as fixed by the court, to compensate Plaintiffs for URBX infringement of the '343 Patent and/or the '166 Patent;

F.      A declaration that this case is an exceptional case and an award of attorneys' fees under 35 U.S.C. § 285 and 15 U.S.C. § 1117(a);

G.      Determining that URBX's conduct has been egregious, willful and deliberate and enhancing by three-fold the damages that URBX must pay Plaintiff pursuant to 35 U.S.C. § 284 and 15 U.S.C. § 1117(b);

12

H.      An award for Plaintiff of adequate interest payments (including pre-judgment and post-judgment interest payments) at the maximum rate provided by law in connection with the damages;

I.      Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a jury trial for each and every issue so permitted by law and statute.

Respectfully submitted,

ATTABOTICS, INC.
By its attorneys,

*/s/ Christopher A. Duggan*
Christopher A. Duggan (BBO #544150)
Dana A. Zakarian (BBO #641058)
Smith Duggan Buell & Rufo LLP
55 Old Bedford Road
Lincoln, MA 01773
(617) 228-4400
Chris.Duggan@SmithDuggan.com
Dana.Zakarian@SmithDuggan.com

**Howard & Howard Attorneys PLLC**
David Van Dyke
200 S. Michigan Avenue, Ste 1100
Chicago, IL 60604
(312) 456-3641– direct
(312) 939-5617 – fax
dvd@h2law.com

Kristopher K. Hulliberger
450 West Fourth Street
Royal Oak, Michigan  48067
(248) 723-0453– direct
(248) 645-1568 – fax
kkh@h2law.com
*Of counsel*

Date: June 25, 2021