UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ATTABOTICS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> URBX, INC., <br><br> Defendant | Civ. A. No. 1:21-cv-11051-ADB <br><br> ORAL ARGUMENT REQUESTED <br> Leave to File Granted on Oct. 4, 2021 |

**DEFENDANT URBX INC.'S**
**REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

The Court needs to know only two things to grant Urbx's Motion to Dismiss.  <u>First</u>, Attabotics now concedes that Urbx cannot infringe claims 1-11 and 16-23 of the '343 Patent, and the Court should therefore dismiss those claims.  <u>Second</u>, the plain claim language of the '166 Patent—which Attabotics studiously avoids addressing—expressly states that the claimed vehicle must travel in three dimensions.  The robots of the Urbx system undisputedly do not travel in three dimensions.  Accordingly, the Court should further dismiss all claims of the '166 Patent.

## I.  Attabotics Concedes Dismissal of Claims 1-11 and 16-23 of the '343 Patent

Attabotics buries the headline of its Opposition on the tenth page.  There, it finally concedes that, "with the benefit now of some materials from URBX, Attabotics agrees to dismiss certain claims 1-11 and 1[6]-2[3]" of the '343 Patent.  (Opp. Br. at 10.)[1]  Urbx's Motion to Dismiss did not seek dismissal of claims 12-15 of the '343 Patent.[2]  Accordingly, Attabotics' concession resolves Urbx's Motion with regard to the '343 Patent.

Despite acknowledging that "further discussion is not necessary" (Opp. Br. at 6), Attabotics devotes much of its brief to arguments regarding the '343 Patent.  (*E.g.*, Opp. Br. at 1, 5-10.)  Most baffling, Attabotics asserts that Urbx's decision to seek dismissal of less than all claims of the '343 Patent was an effort to "mislead[] the Court" into mistakenly dismissing even the unchallenged claims.  (Opp. Br. at 1, 6, 8.)  This is simply false.  Urbx's Motion to Dismiss plainly stated that Urbx "moves this Court to dismiss Count I of Plaintiff Attabotics, Inc.'s

---

[1] The text of Attabotics' Opposition dismissed "claims 1-11 and **14-20**." (Opp. Br. at 10.)  However, counsel for Attabotics clarified in emails on September 30, 2021 and October 5, 2021 that this was a typographical error, and the correct range was claims 1-11 and **16-23**.  That is, Attabotics has agreed to dismiss all claims of the '343 patent except claims 12-15 (i.e., independent claim 12 and its dependents).

[2] To avoid any ambiguity, Urbx notes that its Motion to Dismiss also did not seek dismissal of claim 16 of the '343 Patent.  However, Attabotics has nevertheless agreed to dismiss that claim.

1

Complaint **with respect to claims 1-11 and 17-23** of U.S. Patent No. 10,604,343." (Motion at 1.) And the very first page of of Urbx's Memorandum in Support of its Motion to Dismiss again stated that "Urbx cannot literally infringe at least **claims 1-11 and 17-23** of the '343 Patent, or any claims of the '166 Patent (collectively, **the 'challenged claims'**).)" (Urbx Br. at 1.) Attabotics' mock outrage springs not from concern that the Court might somehow be deceived, but an effort to distract from its meritless positions on the '166 Patent.

Regardless, Attabotics has agreed to dismiss claims 1-11 and 16-23 of the '343 Patent, and Urbx respectfully requests that the Court issue an order to that effect.[3]

## II.     The Claim Language of the '166 Patent Requires Dismissal

Attabotics' arguments regarding the '166 Patent gloss over the actual language of the claims, which is unsurprising since the plain claim language expressly precludes infringement. Indeed, other than fleeting use of the phrase "storage/retrieval vehicles," Attabotics' Opposition conspicuously offers only a *single reference* to the language of a *single claim* of the '166 Patent, and only *in the penultimate paragraph* of its Opposition. (Opp. Br. at 15-16 (quoting '166 Patent, Claim 1).) As the actual claim language reproduced below shows, every independent claim of the '166 Patent recites two features that Urbx does not practice. <u>First</u>, every claim requires "one or more storage/retrieval vehicles" that are both "conveyable in two directions over [a] two-dimensional area" <u>and</u> capable of accessing storage locations within the vertical storage shafts. That is, the storage/retrieval vehicles are capable of motion in all three directions to retrieve and convey packages. <u>Second</u>, every claim requires that the storage/retrieval vehicles

---

[3] Attabotics' allegations of infringement of claims 12-15 of the '343 Patent are equally meritless. However unlike the challenged claims at issue here, Urbx believes that claim construction may be of assistance in dispensing with certain of claims 12-15.

must transport storage units the entire distance from storage locations in the vertical shafts to working stations below and outside the storage grid.

| '166 Claim | Limitations Requiring (1) Three-Dimensional Movement and (2) Transit to/from a Working Station |
|---|---|
| '166 Claim 1 | Three-Dimensional Movement: "*one or more storage/retrieval vehicles are conveyable in two directions over said two-dimensional area* . . . **and** a plurality of **upright shafts** . . . **through which** the storage locations of said storage column are *accessible by* **the** *one or more storage/retrieval vehicles*"<br><br>Movement to/from a Working Station: "at least one working station residing alongside the gridded three-dimensional structure and outside the two-dimensional area of the lower track layout . . . whereby *conveyance* of the storage units *between the storage locations and the working station is performable* **entirely** **by** **said** *one or more storage/retrieval vehicle*" |
| '166 Claim 8 | Three-Dimensional Movement: "a gridded track layout that occupies a two-dimensional area and on which *the storage/retrieval vehicles are conveyable in two directions* over said two-dimensional area . . . **and** a plurality of **upright shafts** . . . **through which** the storage locations of said storage column are *accessible by* **the** *storage/retrieval vehicles*"<br><br>Movement to/from a Working Station: "*conveyance* of the storage units *between the at least one working station and the storage locations* in the gridded three-dimensional structure *is performed* **solely** **by** **said** *storage/retrieval vehicles*" |
| '166 Claim 9 | Three-Dimensional Movement: "a three-dimensional structure comprising a three-dimensional array of storage locations sized to accommodate placement and storage of storage units therein, **said** *storage vehicles being configured to navigate within said* **three dimensional** *structure*"<br><br>Movement to/from a Working Station: "*storage vehicles* being configured to . . . *place and retrieve said storage units to and from said storage locations*; **and** at least one *working station to which retrieved storage units from the storage locations are conveyable by* **said** *storage/retrieval vehicles*" |

This conclusion does not require claim construction "limit[ing] . . . *the phrase 'storage/retrieval vehicle'* to a single three-dimensional movement [*sic*]," as Attabotics contends.  (Opp. Br. at 14.)  Rather, whatever the precise definition of "storage/retrieval vehicle"

3

may be, the claims specify certain *things it must do*, including moving in three dimensions and transporting items the entire distance from a vertical storage column to a working station.[4]

Attabotics' superficial argument that the recitation of *multiple* "storage/retrieval vehicles" somehow indicates that those vehicles need not *travel in three dimensions* is equally meritless. (Opp. Br. at 11, 16.)  It is a matter of black-letter patent law—and basic English—that the phrases "the" and "said" refer to an existing instance of an object, i.e., to an antecedent basis.[5][6][7] Hence, no matter how many storage/retrieval vehicles are claimed, the words "***the*** one or more storage retrieval vehicles" (claim 1), "***said*** storage/retrieval vehicles" (claim 8), and "***the*** storage/retrieval vehicles" (claim 9) mean that <u>**the same**</u> storage/retrieval vehicles must be "conveyable in two directions" laterally, must access the storage locations in the vertical storage column, ***and*** must singlehandedly "convey[] . . . the storage units between the at least one working station and the storage locations" in the vertical columns.

This conclusion does not import limitations from the specification into the claims, as Attabotics repeatedly contends.  (Opp. Br. at 2, 10, 13-15.)  To the contrary, the claim language explicitly requires a storage/retrieval vehicle capable of moving in three dimensions.  The Court

---

[4] Attabotics argues that URBX's "motions [*sic*] asks the Court to ignore the doctrine of claim differentiation." (Opp. Br. at 14-15.)  But Attabotics stops there, declining to offer any explanation of how claim differentiation might impact the analysis of the '166 Patent claims.  (*Id*.)

[5] "A general guide for clear writing is to provide an 'antecedent basis' for terms and concepts.  Complying with the guide usually entails using an indefinite article (e.g., 'a general guide') on the first occurrence of a term and using a definite article (e.g., 'the guide') on subsequent occurrences.  Following the guide, patent claim drafting practice requires that terms described or limited in a claim have an antecedent basis."  3 Donald S. Chisum, Chisum on Patents § 8.06(1)(a).

[6] "The" is "used to indicate a person or thing that has already been mentioned or seen."  *Definition of The*, Merriam-Webster, https://www.merriam-webster.com/dictionary/the (visited Oct. 4, 2021) (further explaining that "the" is "used as a function word to indicate that a following noun or noun equivalent is definite or has been previously specified").

[7] "Said" means "aforementioned."  *Definition of Said*, Merriam-Webster, https://www.merriam-webster.com/dictionary/said (visited Oct. 4, 2021).

can therefore dismiss all claims of the '166 Patent based on the claim language alone. The specification's exclusive disclosure of single-vehicle systems, criticism of two-vehicle systems, and repeated and emphatic support for the claimed requirement of three-dimensional motion only confirm this result and preclude application of the doctrine of equivalents. (*E.g.*, '166 Patent, 6:38-51 (explaining that the patent's "novel solution" is "a robotic storage/retrieval vehicle ***capable of travel in three dimensions*** [that] ***provides the sole means of storage unit conveyance*** throughout an entire order picking operation . . . ***without the storage unit ever being offloaded*** from the robotic storage/retrieval vehicle.").)

Finally, Attabotics' contends that dismissal would be premature because "[t]here still remains [*sic*] factual issues as to precisely how URBX system [*sic*] operates in regard to" other claim limitations, such as "sequenc[ing] to optimize timing." Attabotics' contention fails as a matter of law and basic logic. (Opp. Br. at 11.) Any uncertainty as to whether Urbx practices *other claim limitations* does not change the fact that the pleadings establish that Urbx does not and cannot practice *the limitations at issue here*, which require three-dimensional motion. The absence of even one limitation in an accused product precludes infringement, and therefore mandates dismissal of all claims of the '166 Patent here.

Respectfully submitted,

URBX, INC.,

By its attorneys:

*/s/ Theodore J. Folkman*
Theodore J. Folkman (BBO No. 647642)
FOLKMAN LLC
53 State Street, Suite 500
Boston, MA 02109
(617) 219-7664
ted@folkman.law

Andrew D. Gish (*pro hac vice*)
GISH PLLC
41 Madison Avenue, Floor 31
New York, NY 10010
(212) 518-7380
andrew@gishpllc.com

Marti A. Johnson (*pro hac vice*)
GISH PLLC
41 Madison Avenue, Floor 31
New York, NY 10010
(646) 701-4458
marti@gishpllc.com

Raymond J. Bilderbeck (*pro hac vice*)
GISH PLLC
41 Madison Avenue, Floor 31
New York, NY 10010
(646) 415-1092
ray@gishpllc.com

Dated: October 5, 2021