UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ATTABOTICS, INC.,<br><br>        Plaintiff/Counter-Defendant,<br><br>vs.<br><br>URBX, INC.,<br><br>        Defendant/Counter-Plaintiff. | Civ. A. No. 1:21-cv-11051-ADB |

**PLAINTIFF/COUNTER-DEFENDANT ATTABOTICS, INC.'S MOTION AND BRIEF IN SUPPORT OF ITS MOTION FOR ENTRY OF DEFAULT JUDGMENT**

**INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 55 and *See* Local Rule 83.5.5(c)[1], Plaintiff Attabotics, Inc. ("Attabotics" or "Plaintiff") respectfully submits this brief in support of their Motion for Entry of Default Judgment against Defendant URBX, Inc. ("URBX" or "Defendant").

The Court may recall that on November 18, 2022, URBX filed a motion seeking leave for both its lead and local counsel to withdraw from the case and to stay the case so that URBX could engage new counsel. (ECF 42). The Court granted URBX's motion [ECF 43] and later clarified its Order as follows:

> In response to Plaintiff's motion for clarification, [ECF No. [45]], the Court is mindful of delay in this case, which is why it set a status conference at the end of the 60 day continuance requested by Defendant. **A corporation may not represent itself, and**

---

1. Local Rule 83.5.5(c) provides: "A corporation, partnership, limited liability company, trust, estate, or other entity that is not an individual may not appear pro se. An individual officer, director, partner, member, trustee, administrator, or executor may not appear on behalf of an entity; provided, however, that if such an individual is also an attorney who is otherwise permitted to practice in this court, the attorney may represent the entity if the representation is otherwise appropriate under the circumstances. The court may strike any pleading filed on behalf of any entity that purports to appear pro se."

> **Defendant has been afforded 60 days to secure new counsel. Thereafter, if it has not secured new counsel, Plaintiff may, in accordance with the applicable rules of civil procedure, move for entry of default. See Fed. R. Civ. P. 55.** The Court will not commit to entering a default at this juncture, but it is a possible outcome if Defendant, in the intervening time, does not obtain new counsel. An extension of time to retain counsel is unlikely and the Court advises Defendant to promptly retain counsel so that this case may proceed.

[ECF 46] (emphasis added).

URBX failed to engage new counsel within the time allotted by the Court and, thereafter, requested an additional 30 days. During a January 18, 2023 status conference—which was attended by URBX's Chief Executive Officer, Lincoln Cavalieri—the Court granted URBX and additional 30 days [ECF 47]. In doing so, however, the Court expressly stated that if new counsel did not appear by February 17, 2023, then Attabotics could file a motion for default and **"it would be granted."**

It is now February 22, 2023 (more than 30 days after the January 18 Status Conference) and no counsel has appeared on behalf URBX. Accordingly, the Court should enforce its prior ruling and enter default against URBX.

## ARGUMENT

It is black letter law that a corporation (like URBX) cannot represent itself. *In re Victor Publishers, Inc.*, 545 F.2d 285, 286 (1st Cir. 1976) ("Although an individual has a statutory right to represent himself in a federal court even if he is not a lawyer, a corporation may be represented only by a licensed counsel."); *Eke v. Deutsche Lufthansa*, 2013 WL 12201891, *5 (D. Mass. Oct. 2, 2013) ("a corporation . . . must itself be represented by a duly-licensed counsel authorized to appear in this court."); Local Rule 83.5.5(c). As such, a corporation that fails to engage counsel effectively fails to appear and must be defaulted.

The Court *twice* warned URBX that it could not represent itself *pro se* and that failure to engage counsel would result in URBX being defaulted. The Court further gave URBX two chances—**90 days**—to engage new counsel. During the January 18, 2023 status conference, the Court explicitly told URBX's principal that if new counsel did not appear by February 17, 2023 (*i.e.*, within 30 days), the Court ***would grant*** Attabotics' motion for default. In short, the Court bent over backwards to accommodate URBX—and URBX has *no excuse* for heeding the Court's warning. *Contrast Indigo America, inc. v. Big Impressions, LLC*, 597 F.3d 1, 3-4 (1st Cir. 2010) (setting aside a default where the court failed to warn the corporation was not aware that it could not represent itself).

Attabotics, on the other hand, has abided by all of the Court's Orders and Schedules and waited patiently as its action to enforce its patent rights has been delayed throughout. After filing the initial complaint, instead of answering, on September 15, 2021, URBX filed a Motion to Dismiss for Failure to State a Claim. [ECF 18]. The Court granted-in-part and denied-in-part URBX's motion on June 6, 2022. [ECF 27]. URBX finally filed an Answer and Counterclaims on July 5, 2022. [ECF 30]. Even after the Parties submitted a Proposed Schedule establishing dates for required Patent Disclosures under Rule 16.6 (d), which Attabotics complied with, URBX waited until two days before its Preliminary Patent Disclosures were due to file its motion to withdraw and to stay the case. The case has now been stayed for the past 90 days.

Any further delays will unfairly prejudice Attabotics and are unwarranted given the circumstances.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court enter a Default Judgment against URBX as it said it would during the January 18, 2023 status conference. A Proposed Order filed contemporaneously herewith.

        Respectfully submitted,

        ATTABOTICS, INC.

        By its attorneys,

        */s/ Dana A. Zakarian*
        Christopher A. Duggan (BBO #544150)
        Dana A. Zakarian (BBO #641058)
        Smith Duggan Buell & Rufo LLP
        55 Old Bedford Road
        Lincoln, MA 01773
        (617) 228-4400
        Chris.Duggan@SmithDuggan.com
        Dana.Zakarian@SmithDuggan.com

        and

        **Howard & Howard Attorneys PLLC**
        David Van Dyke
        200 S. Michigan Avenue, Ste 1100
        Chicago, IL 60604
        (312) 456-3641– direct
        (312) 939-5617 – fax
        dvd@h2law.com

        Kristopher K. Hulliberger
        450 West Fourth Street
        Royal Oak, Michigan  48067-2557
        (248) 723-0453– direct
        (248) 645-1568 – fax
        kkh@h2law.com
        *Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

     I, Dana A. Zakarian, hereby certify that on February 22, 2023, a copy of the foregoing **PLAINTIFF/COUNTER-DEFENDANT ATTABOTICS, INC.'S MOTION AND BRIEF IN SUPPORT OF ITS MOTION FOR ENTRY OF DEFAULT JUDGMENT** was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.  **Additionally, I served URBX's CEO Lincoln Cavalieri by email (Lincoln@urbx.com).**

                                                          */s/ Dana A. Zakarian*